

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-78,190-02

### EX PARTE JOHNIE THOMAS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W-15,556-C-2 IN THE 251ST DISTRICT COURT FROM RANDALL COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and sentenced to twelve years' imprisonment. His direct appeal was dismissed for want of jurisdiction. *Thomas v. State*, 07-11-00460-CR (Tex. App.–Amarillo Jan. 13, 2012).

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. The State agrees that Applicant was denied his right to appeal and recommends that Applicant be given relief.

Counsel failed to timely file a notice of appeal. We find that Applicant is entitled to the

opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 15,556-C from the 251st District Court of Randall County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: August 20, 2014
Do not publish